UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THE NEW YORK TIMES COMPANY and
MARK WALKER,                                              :

                  Plaintiffs,                    :

                      v.                              :

                                                       **COMPLAINT**

FEDERAL AVIATION ADMINISTRATION,     :

                  Defendant.                     :

---------------------------------------------------------------X

Plaintiffs THE NEW YORK TIMES COMPANY and MARK WALKER (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Federal Aviation Administration ("FAA") in response to four requests properly made by Plaintiffs (the "Requests").

## PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

3. Plaintiff Mark Walker is an investigative reporter covering transportation for *The New York Times*.

4. Defendant FAA is a federal agency housed within the Department of Transportation ("DOT") and charged with oversight and regulation of U.S. civil aviation. It is the agency that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on Plaintiffs' place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

7. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

8. Defendant has failed to meet the statutory deadlines set by FOIA for responding to the Requests. *See* 5 U.S.C. §§ 552(a)(6)(A)–(B). The Times is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## BACKGROUND

9. Boeing is one of the world's largest aviation companies, with more than 10,000 commercial airplanes currently in service, by its own count. *See* Overview, Boeing.com, https://bit.ly/3R3QKvk.

10. In January 2024, a Boeing 737 Max 9 plane lost one of its doors mid-flight, while the plane was at an altitude of roughly 16,000 feet. While no one was seriously injured, the incident garnered international attention and understandably prompted fears and concerns among the flying public. *See* Mark Walker & Niraj Chokshi, *F.A.A. Orders Airlines to Ground Some Boeing 737 Max 9 Jets After Midair Emergency*, N.Y. Times (Jan. 6, 2024), https://nyti.ms/4azEABf (attached as Ex. A).

11. That incident led the FAA to temporarily ground some Boeing jets. *See id.*

2

12.     The incident also drew both public and regulatory scrutiny to the company more broadly. For example, in May 2024, the FAA announced a new investigation into Boeing, related to possible shortcomings in its inspections of 787 Dreamliners, a different type of Boeing plane. *See* Mark Walker & Niraj Chokshi, *F.A.A. Is Investigating Boeing Over 787 Dreamliner Inspections*, N.Y. Times (May 6, 2024), https://nyti.ms/3yOyOOE (attached as Ex. B).

## FACTS

13.     Between February 5 and April 18, 2024, The Times submitted the Requests to the FAA. All four related to the regulation and safety of Boeing airplanes.

14.     On February 5, 2024, The Times submitted a FOIA request seeking "[c]opies of any Conformity Inspection Records prepared by the F.A.A. before the agency issued an airworthiness certificate for any Boeing 737 Max 9 jets" ("Request #1"). *See* Ex. C.

15.     On February 20, 2024, the FAA sent The Times a letter acknowledging receipt of Request #1 and granting The Times's fee waiver. The acknowledgement letter did not include a projected timeframe for response. *See* Ex. D. The Times has not since heard from the FAA about Request #1.

16.     Also on February 5, 2024, The Times submitted a second FOIA request seeking "1) [a] copy of any material submitted by Boeing on how commercial airlines should properly install, inspect and maintain the 'door plug' of its 737 Max 9 jet" and "2) [a]ny diagrams, images, charts, photographs, written descriptions or reference material related to door plugs on the 737 Max 9" ("Request #2"). *See* Ex. E. The FAA has yet to acknowledge this request.

17.     On April 16, 2024, The Times submitted a third FOIA request seeking "[c]opies of any Conformity Inspection Records prepared by the F.A.A. before the agency issued an

airworthiness certificate for any Boeing 787 jet" ("Request #3"). *See* Ex. F. The FAA has yet to acknowledge this request.

18. On April 18, 2024, The Times submitted a fourth FOIA request seeking "1) [a] list of all the requests for safety waivers the Federal Aviation Administration has received from Boeing between Jan. 1, 2000 through Dec. 31, 2010 and "2) [a] list of all the safety waivers the Federal Aviation Administration has both granted and denied Boeing between Jan. 1, 2000 through Dec. 31, 2010" ("Request #4"). *See* Ex. G. The FAA has yet to acknowledge this request.

## FIRST CAUSE OF ACTION (REQUEST #1)

19. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

20. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

21. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

22. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

23. No exemptions permit the withholding of the documents sought by this Request.

24. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to this Request.

## SECOND CAUSE OF ACTION (REQUEST #2)

25. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

26. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

27. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

28. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

29. No exemptions permit the withholding of the documents sought by this Request.

30. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to this Request.

## THIRD CAUSE OF ACTION (REQUEST #3)

31. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

32. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

33. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

34. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

35. No exemptions permit the withholding of the documents sought by this Request.

36. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to this Request.

### FOURTH CAUSE OF ACTION (REQUEST #4)

37. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

38. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

39. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

40. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

41. No exemptions permit the withholding of the documents sought by this Request.

42. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to this Request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

43. Declare that the documents sought by the Requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

44. Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

45. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

46. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 3, 2024

*/s/ Maya Gandhi*
Maya Gandhi
David E. McCraw
Al-Amyn Sumar
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-1244
Email: maya.gandhi@nytimes.com
Email: mccrad@nytimes.com
Email: al-amyn.sumar@nytimes.com

*Counsel for Plaintiffs*
